IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              FORT WORTH DIVISION

ROY BRYANT,                          §
(TDCJ No. 00354415),                 §
                                     §
     Plaintiff,                      §
                                     §
v.                                   §  CIVIL ACTION NO.4:16-CV-1059-Y
                                     §
JIMMY A. ASHBY,                      §
District Attorney(former),           §
Palo Pinto County, Texas *et al.*,   §
                                     §
     Defendants.                     §

                    **OPINION and ORDER OF DISMISSAL**
                    **UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

    This case is before the Court for review of pro-se inmate/plaintiff Roy Bryant's pleading under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The live pleading subject to review under these statutes is Plaintiff's form civil-rights complaint. After review and consideration of Plaintiff's claims, the Court finds and determines that all claims must be dismissed under authority of these provisions.

I.   **BACKGROUND/PLEADING**

    In this suit Bryant filed a form civil-rights complaint naming as defendants Jimmy Ashby, former district attorney, Palo Pinto County, Texas; attorney John D. Moore; and Herman Fitts, former judge, 29th Judicial District Court, Palo Pinto County, Texas. (Complaint (doc. 1) at 1, 4). In the statement-of-claim section of the form complaint, Bryant wrote:

> Pltf. was tried and convicted on a non-indictment in the 29th Judicial District Court, Palo Pinto County, Texas in March 1983, involved was Judge Herman Fitts, District Attorney Jimmy A. Ashby, court appointed attorney John D. Moore. Ashby drew up an indictment that was not true bill by a grand jury. Using his indictment in part he tried and convicted Pltf. and falsely imprisoned Pltf. All defs were aware with this crime.[sic]

(Complaint (doc. 1) at 4). Plaintiff also alleges the following:

> Def. Moore allowed the trial to proceed without objection after stating to this Pltf. "Boy I know you didn't do this crime but it's about money in Texas so get on that phone and call to cali(fornia) and get me some money and I'll send you back to Cali tomorrow—-I know you want to get back to Cali so get on that phone . . . ." He knew indictment was not that of the grand jury. All three defendants are complicit under the common law. [sic]

> Def. Herman Fitts knew the indictment was not supported by a grand jury true bill yet he tried the Pltf. and announced Judgment and sentence knowing Def. Ashby usurped the grand jury independent role. All defs. know the grand jury written declaration is not reflected in the district attorney Ashby's indictment. [sic]

> All three defs have violated Pltf's 5th 6th 8th 9th and 14th Amendments under the U.S. Constitution and his rights under contracts treaties and oaths under State Federal and International Law.

(Complaint (doc. 1) at 4, attachment page 5). In the complaint, Bryant seeks as relief for this Court "to do what's right for Pltf. 34 years of false imprisonment." (Complaint (doc. 1) at 4.)

Relevant to this Court's review of this civil-rights case is the fact that Roy Bryant has also filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the conviction that arose out of the same conduct made the basis of this civil suit. Pending before this the Northern District of Texas is *Bryant v. Davis,* No. 4:17-CV-117-A. This Court takes judicial notice of

the records of this habeas-corpus case still pending in this district. *See* FED. R. EVID. 201(b)(2) and (c)(1). In that action, Bryant acknowledges that he was convicted on March 22, 1983, of aggravated robbery in the 29th Judicial District Court, Palo Pinto County, Texas, in cause number 7887. *Bryant v. Davis,* No. 4:17-CV-117-A, (Petition (doc. 1) at 2-3). Bryant reports that he received a punishment of life imprisonment. (*Id.*) In the pending § 2254 case, the respondent has answered Bryant's petition, and provided extensive copies of the state-court records relating to the conviction and Bryant's substantial post-conviction writ history in state court. *Bryant v. Davis,* No. 4:17-CV-117-A, (Response (doc. 13); Administrative Record (docs. 10-1 through 10-10, 11-1 through 11-20, and 12-1 through 12-17)). Respondent's preliminary answer filed in the pending § 2254 case recites Bryant's extensive history of challenging his conviction in state-court proceedings:

> The Director has lawful custody of Bryant pursuant to the judgment and sentence from the 29th Judicial District Court of Palo Pinto County, Texas, in cause number 7887. SHCR-06 (Event ID No. 1824249) at 332-33.[1] Bryant was indicted with aggravated robbery. *Id.* at 329-31. Bryant entered a plea of not guilty, but the jury found him guilty and assessed his punishment at life imprisonment. *Id.* at 332-33.
>
> On December 1, 1983, the Eleventh Court of Appeals of

---

[1] As the Respondent explained in the answer, "SHCR" refers to the clerk's record of Bryant's state habeas applications in *Ex parte Bryant,* No. 14,886, with the respective volume number indicated by "-01, 02, 03" etc., and followed by the relevant page numbers. Because there are multiple scans associated with some of Bryant's state habeas applications, for those volumes that do have multiple scans Respondent referred to Event ID number located at the top of the second paragraph on the CCA Scanning Cover Sheet in order to differentiate among them. The Court has adopted Respondent's same citation for purposes of review of the administrative records.

Texas affirmed the trial court's judgment. *Bryant v. State,* No. 11-83-047-CR (Tex. App.-Eastland Dec. 1, 1983, no pet.); Exhibit A. On January 5, 1984, the court overruled Bryant's pro se motion for rehearing. Exhibit A. Bryant acknowledges he did not file a petition for discretionary review. SHCR-09(Event ID No. 2257121) at 3; SHCR-10 at 2; SHCR-11 at 3; SHCR-12(Event ID No. 2496505) at 3; Fed. Writ Pet. at 3.

Bryant has a rather extensive history that spans decades of state habeas filings challenging his aggravated robbery conviction. Bryant's first three state habeas applications predate the enactment of AEDPA. Specifically, the Texas Court of Criminal Appeals denied without written order his first application on August 1, 1985, his second application on November 26, 1986, and his third application on November 8, 1989. SHCR-01 (Event ID No. 1716561) at cover; SHCR-02 at cover; SHCR-03 (Event ID No. 1719189) at cover. Nearly a decade later, Bryant revived his pursuit of state habeas relief challenging his aggravated robbery conviction and signed his fourth state application on November 23, 1998. SHCR-06 (Event ID No. 1824249) at 15. The district court file-stamped it on November 30, 1998, and the Texas Court of Criminal Appeals dismissed it as a subsequent application on February 10, 1999. *Id.* at cover, 1.

Bryant proceeded to pursue six additional state habeas applications, all of which the Texas Court of Criminal Appeals dismissed as subsequent or noncompliant. *See* SHCR-07 (Event ID No. 1839121) at cover (dismissed as subsequent on October 13, 1999), 1 (file-stamped on August 19, 1999), 18 (signed on July 5, 1999); SHCR-09 (Event ID No. 2257121) at cover (dismissed as subsequent on September 27, 2006), 2 (file-stamped on July 27, 2006), 10 (signed on July 20, 2006); SHCR-10 at cover (dismissed as noncompliant on September 14, 2011), 1 (file-stamped on July 29, 2011), 9 (signed on July 24, 2011); SHCR-11 at cover (dismissed as subsequent on October 19, 2011), 1(file-stamped on September 23, 2011), 11 (signed on September 19, 2011); SHCR-12 (Event ID No. 2496505) at cover (dismissed as subsequent on October 17, 2012), 1 (file-stamped on July 23, 2012), 11 (signed on July 13, 2012). For the last of these six applications, on February 6, 2013, the Texas Court of Criminal Appeals issued a written order dismissing it for abuse of the writ and further instructed the Clerk of the Court to not accept or file the instant application or any future applications pertaining to Bryant's aggravated robbery conviction unless he is able to show that the claims

4

> presented have not been raised previously and that they could not have been presented in a previous writ application. SHCR-13 (Event ID No. 2513775). Consistent with these instructions, for Bryant's most recent state application, the Court of Criminal Appeals merely noted on January 18, 2017, that an abuse of writ order had been previously entered. SHCR-15 at cover.

*Bryant v. Davis,* No.4:17-CV-117-A (Respondent's Answer (doc. 13) at 2-4).

## II. SCREENING UNDER § 1915A and § 1915(e)(2)(B)

Bryant is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477

5

(1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**III.    ANALYSIS**

**(A).    Claims Barred by Absolute Immunity**

(I). Judicial Immunity

With regard to Bryant's claims against former Judge Herman Fitts, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 11 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also*, *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in

6

nature or that the actions were taken in the complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284. Because the complained-of conduct by Judge Fitts was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 29th Judicial District Court, Judge Fitts is entitled to absolute immunity from any monetary damages claims, and such claims will be dismissed.

(II). Prosecutorial Immunity

Bryant asserts claims against former District Attorney Jimmy Ashby arising from his prosecution of Bryant in cause number 7887 for aggravated robbery. (Complaint (doc. 1) at 3). But Ashby is entitled to absolute immunity for any claims for monetary damages asserted by Bryant. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State." *Imbler*, 424 U.S. at 431 n. 33. Here, even assuming Plaintiff's allegations against Jimmy Ashby are true, Ashby would have taken such action in his role as a prosecutor on behalf of the State of Texas. Thus, defendant Ashby is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims must be dismissed.

**(B).      No Color of Law**

To assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements:(1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.1993). As to Bryant's allegations against his then attorney John D. Moore, Bryant has failed to satisfy the second element. Bryant has failed to show that John D. Moore, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state. *See Thompson v. Aland*, 639 F. Supp. 724, 728 (N.D. Tex.1986) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993). Furthermore, Bryant has made no allegation that attorney Moore was acting on behalf of the government. Bryant cannot show that his attorney was acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against defendant Moore must be dismissed.

**(C). Application of *Heck v. Humphrey***

With regard to the remaining claims, and as an alternative ground for dismissal of the claims against the defendants already dismissed, the Court considers application of the doctrine of *Heck*

8

*v. Humphrey*, 512 U.S. 477 (1994). In the *Heck* case, the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id*. at 486-87. A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (per curiam). "[T]he *Heck* determination depends on the nature of the offense and of the claim." *Arnold v. Slaughter*, 100 F. App'x. 321, 323 (5th Cir. 2004).

Bryant's claims in this federal civil suit that he was either not properly indicted or that the indictment was invalid as it was not supported by a true bill issued by a grand jury. (Complaint (doc. 1) at 3-4.) A favorable ruling on such claims in this Court would necessarily invalidate his conviction. *See Taylor v. Stadler, et al.*, 193 F.3d 518, 1999 WL 707855, at *1 (5th Cir. 1999)(affirming dismissal of complaint challenging a state court conviction and including challenge to the validity of the indictment as barred by *Heck*); *see also Cooks v. Hill, et al.*, No. 3:05-CV-1286-D, 2006 WL 1882094, at *2 (N.D. Tex. July 7,

9

2006)(adopting magistrate judge's recommendation that Plaintiff's claims that he was convicted due to an invalid indictment are barred by *Heck*); *Warren v. Ellis County Criminal District Court, et al.*, No. 3:04-CV-0199-L, 2004 WL 2827233, at *1 (N.D. Tex. Nov. 22, 2004)(adopting magistrate judge's recommendation that challenge to an invalid indictment was barred by *Heck*); *Williams v. Boggs, et al.*, No. CV-507-039, 2007 WL 2453559, at *1 (S.D. Ga. Aug. 23, 2007)(rejecting plaintiff's claims that there was a complete lack of indictment in violation of his constitutional rights, because he had not shown that his conviction had been invalidated).

But Bryant has not shown that his conviction has been reversed or set aside in any of the manners listed in *Heck v. Humphrey*. A review of court records reveals that Bryant has to date been unsuccessful in his state-court challenges to his conviction, and Bryant is still in the midst of a federal petition for writ of habeas corpus raising the same or similar challenges to the underlying state-court conviction. As Bryant has not shown that his conviction has been invalidated under *Heck*, his claims, whether they be for monetary damages, injunctive relief, or for declaratory judgment, are not cognizable and must be dismissed. *See Heck*, 512 U.S. at 487-88; *see also Reger v. Walker,* 312 F. App'x. 624, 625 (5th Cir. 2009)(noting that claims, "whether for damages, declaratory judgment, or injunctive relief" are not cognizable in a § 1983 action because they imply the invalidity of conviction). Because Bryant has failed to make a showing that his conviction has

been set aside in the manner listed in *Heck*, his claims under § 1983 are not cognizable at this time. The claims are "legally frivolous" within the meaning of 28 U.S.C. § 1915 and should be dismissed "with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**IV. CONCLUSION and ORDER**

For the foregoing reasons, plaintiff Roy Bryant's claims against Herman Fitts, Jimmy Ashby, and John D. Moore are **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. § 1915A(b)(1)and (2) and 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii). Furthermore, all of Bryant's claims against Fitts, Ashby, and Moore, are alternatively **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck v. Humphrey* conditions are met,[2] under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).

SIGNED June 19, 2018.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[2] *See Johnson*, 101 F.3d at 424.